Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2913 | **DATE** | 8/10/2000 |
| **CASE TITLE** | Langlands vs. DeLa Rue Security Print, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 5-1) to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 11 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 10 |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG 10 PM 4:56 | | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| WILLIAM A. LANGLANDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 00 C 2913 |
| DE LA RUE SECURITY PRINT, INC., | ) | |
| Defendant. | ) | |

DOCKETED
AUG 1 1 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. For the reasons set forth below, we grant Defendants' motion.

## BACKGROUND

This motion asks whether a commissioned sales manager may sue his former employer for wrongfully interfering with his ability to receive unearned sales commissions because the employer chose to fulfill its obligations to another customer in lieu of supplying goods to the sales manager's customer. Our immediate attention is drawn to the sufficiency of Plaintiff's complaint, the factual allegations of which we must accept as true for the purposes of this motion. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993). The employer moves to dismiss,

10

arguing that it cannot be held to have wrongfully interfered with a business expectancy from itself, or between itself and a third party to which the sales manager was not a party.

Defendant De La Rue Security Print, Inc. ("Defendant") is a Delaware corporation that contracts with other corporations to print documents such as gift certificates. Plaintiff William A. Langlands ("Langlands") worked from his home in Frankfort, Illinois as a sales manager for Defendant from February 1990 until April 1999.

In approximately May of 1998, Langlands procured a contract for Defendant with McDonald's to print its gift certificates for a five year period, for which Langlands was to earn a four percent sales commission. The first shipment of goods were to be delivered in October and November of 1998. The initial annual sales projection was for 60,000,000 gift certificates, resulting in an estimated sales commission to Langlands of $121,157.00 for the entire contract.

At approximately the same time, Mike Little, the CEO and President of Defendant ("Little") was negotiating with American Express to print its traveler's checks. Little eventually came to terms with American Express.

Prior to securing the McDonald's deal, Langlands claims Little and Eric Binns, Defendant's plant manager (Binns"), promised Langlands that Defendant had

sufficient production capability to fulfill both the McDonald's and American Express accounts. Despite this assurance, Defendant first fulfilled its commitment to American Express, resulting in a failure to deliver McDonalds' gift certificates until March of 1999, causing McDonalds to cover its needs by procuring its gift certificates from another supplier. Consequently, McDonalds broke off its business relationship with Defendant, resulting in Langlands' dismissal allegedly for his failure to generate sufficient business to justify his employment.

In April of 2000, Langlands filed suit in the Circuit Court of Cook County, which Defendant removed to this Court based upon diversity jurisdiction. This motion followed.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. <u>Bontkowski v. First National Bank of Cicero</u>, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a

claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## ARGUMENT

Langlands' sole cause of action against Defendant is tortious interference with a prospective economic advantage. To state a valid claim for tortious interference

with prospective economic advantage under Illinois law[1], the complaint must plead facts sufficient to show that: (1) the plaintiff had a reasonable expectation of entering into a valid business relationship; (2) the defendant was aware of this expectancy; (3) the defendant unjustifiedly and intentionally interfered to prevent the fulfillment of the expectancy; and (4) damages to the plaintiff resulted from the interference. Frederick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998) (citing Anderson v. Vanden Dorpel, 667 N.E.2d 1296, 1299 (Ill. 1996)). As such, plaintiff must allege that defendant engaged in conduct toward a third party which intentionally caused the third party to either discontinue with a contractual relationship with plaintiff, or not to enter into a potential contractual relationship with plaintiff. Israel Aircraft Inds., Ltd. v. Sanwa Business Credit Corp., 850 F. Supp. 686, 693 (N.D. Ill. 1993) (quoting Sestland v. Sero of New Haven, Inc., 601 F. Supp. 163, 166 (N.D. Ill. 1985)). The Seventh Circuit has recognized that under Illinois law "a party cannot be liable in tort for interfering with its own contract, or even for breaching its own contract." F.E.L. Publications Ltd. v. Catholic Bishop of Chicago, 754 F.2d 216, 221 (7th Cir. 1985).

---

[1] Which the parties agree controls this claim.

The tort of interference was designed to prohibit instances of "outsiders intermeddling maliciously in the contracts or affairs of other parties." Loewenthal Securities Co. v. White Paving Co., 184 N.E. 310, 315 (Ill. 1932). For example, the Seventh Circuit has deemed sufficient to prove intentional interference evidence that a coal broker's fraudulent conduct precluded his former client from retaining a contract with a customer. Havoco of America, Ltd. v. Sumitomo Corp. of America, 971 F.2d 1332, 1344 (7th Cir. 1992). Thus, to survive a motion to dismiss Langlands must have plead more than facts showing that Defendant interfered or breached its own contract with McDonalds, or that Langlands' right to receive commissions from Defendant.

Langlands claims Defendant interfered with Langlands' prospective economic advantage in any future commissions he would have earned from the McDonalds account. We believe this scenario fails to satisfy the first factor necessary to state a cause of action for interference with prospective economic advantage (i.e. that Langlands had a reasonable expectation of entering into a valid business relationship). In Lynch Ford, Inc. v. Ford Motor Co., Inc., 957 F. Supp. 142 (N.D. Ill. 1997), a franchisee automobile dealership brought a similar interference claim against the franchiser manufacturer after the franchiser issued it a notice of franchise termination based on what it believed to be deficient sales. Lynch Ford, 957 F. Supp. at 144-45.

In holding the count deficient, Judge Alesia of this District found that plaintiff failed to allege a business expectancy with an identified third party; namely, one of the dealership's customers to whom it had a potential business relationship. Id. at 145-46.

Langlands argues that Lynch Ford is distinguishable because he identified McDonalds as the third party. However, Langlands did not have a contractual or business relationship with McDonalds; only Defendant had a relationship with McDonalds, who contracted to purchase goods from Defendant. Langlands was to receive a sales commission from Defendant if it delivered goods to McDonalds. Langlands was an employee of Defendant, and as such, his work with McDonalds was for the benefit of Defendant, not for Langlands' individual profit. Any premium to Langlands would be paid him by Defendant, not McDonalds. Thus, there was no potential business relationship between McDonalds and Langlands with which Defendant could interfere, and thus the count is legally insufficient.

Langlands argues[2] that he had a reasonable expectation to be paid commission based on the number of certificates Defendant delivered to McDonalds. The source of Langlands' claimed business expectancy, the unpaid commissions, further indicates

---

[2]Langlands cites no case law in support of preserving his case.

the deficiency of his claim. Langlands admits that his commissions were to be paid by Defendant, his employer, not by McDonalds. If the commissions were to be paid by Defendant, it follows that McDonalds cannot be the third party with whom Langlands had a business expectancy, but is a stranger to any obligations Defendant may have owed to Plaintiff. This is not a situation where outsiders maliciously intermeddled in the affairs of other parties, but is a case of Defendant "interfering" with a relationship between itself and Langlands by failing to pay his commissions, or itself and McDonalds by failing to deliver the goods as promised. There is no business expectancy between Langlands and McDonalds, or any other third-party. Consequently, Langlands has failed to plead an action for interference with prospective economic advantage and we dismiss his complaint.

## CONCLUSION

For the foregoing reasons, Defendant De La Rue Security Print, Inc.'s motion to dismiss is granted.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: August 10, 2000